**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pablo Astudillo-Bautista et al., <br><br> Plaintiffs, <br><br> v. <br><br> Ford Motor Company, <br><br> Defendant. | 2:20-cv-07618-VAP-MRWx <br><br> **Order DENYING Motion to Remand (Dkt. 10)** |

Plaintiffs Pablo and Sualo Astudillo-Barrera filed a Motion to Remand ("Motion") on September 29, 2020. (Dkt. 10). Defendant Ford Motor Company filed an Opposition on October 12, 2020 (Dkt. 11), and Plaintiff replied on October 19, 2020 (Dkt. 12).

After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court DENIES the Motion.

1

## I. BACKGROUND

Plaintiffs filed the Complaint in the California Superior Court, Los Angeles County, on July 7, 2020, asserting two claims under California's Song-Beverly Consumer Warranty Act relating to their purchase of a 2018 Ford Mustang. (*See* Dkt. 1-1, ¶ 5 "Complaint"). Defendant removed the action to federal court on August 21, 2020. (Dkt. 1, "Notice of Removal"). Plaintiffs now seek to remand to state court, arguing that Defendant's removal failed to establish the amount in controversy requirement for federal subject matter jurisdiction. (*See generally* Dkt. 10).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs.[1] 28 U.S.C. § 1332. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

Generally, a defendant must file a notice of removal within 30 days after receipt of the first pleading in the state action that sets forth a removable claim. 28 U.S.C. § 1441(b)(1). Where removability is uncertain,

---

[1] Plaintiffs do not challenge diversity of citizenship. (*See generally* Dkt. 10).

the 30-day period is measured from the point at which defendant had notice that the action is removable. 28 U.S.C. § 1441(b)(3).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A "defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

Plaintiffs contend the Notice of Removal fails to allege an amount in controversy greater than $75,000. Defendant responds that the amount in controversy is apparent from the face of the Complaint. (Dkt. 11, at 8). The Court agrees with Defendant.

Paragraph 13 of the Complaint states:

> The amount in controversy *exceeds* TWENTY FIVE THOUSAND DOLLARS. ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against

> Defendants, together with equitable relief. In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

(Dkt. No. 1-1) (emphasis added). Plaintiffs' allegations mirror the plaintiff's allegation in *Bernstein v. BMW of N. Am.*, 2018 WL 2210683 (N.D. Cal. May 15, 2018) where the court held that the amount in controversy was apparent from the face of the plaintiff's complaint.

Similar to the plaintiff in that case, in addition to the $25,000 at issue, Plaintiffs seek (among other things) incidental, consequential, exemplary, and actual damages, *plus* attorneys' fees and costs. Exemplary damages would include the civil penalties Plaintiffs seek up to two times the amount of Plaintiffs' actual damages; twice Plaintiffs' $25,000 alleged damages would total $50,000, bringing the potential damages to $75,000, not including attorney's fees. Thus, that the amount in controversy exceeds $75,000 is evident from the face of the Complaint. *See also McDonald v. BMW of N. Am., LLC*, 2017 WL 5843385, at *1-2 (S.D. Cal. Nov. 28, 2017) ("The complaint states that Plaintiff's damages exceed $25,000, and prays for actual damages, statutory penalties of two times actual damages, attorney's fees and punitive damages … BMW []could have multiplied $25,001 (the minimum amount of damages alleged in the complaint) by three to determine that Plaintiff seeks, at a minimum, in excess of $75,000, not including attorney's fees or punitive damages."). Plaintiffs make no effort to distinguish the *Bernstein* and *McDonald* decisions from this case.

4

Plaintiffs do not argue that $25,000 stands for Plaintiff's *total* damages. Indeed, Plaintiffs argue the exact opposite. *See Cox v. Kia Motors Am.*, 2020 WL 5814518, at *3 (N.D. Cal. Sep. 30, 2020) (reasoning that the court denied a motion to remand in a prior auto warranty case because the plaintiff in that case alleged that "'[t]he amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00),' and that in addition the plaintiff sought damages 'for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.' The plaintiff did not argue … that the $25,000 figure alleged in the complaint encompassed all damages and civil penalties at issue, and in fact he made allegations expressly to the contrary."); *compare with Bourland v. Ford Motor Co.*, No. 5:19-cv-08456-EJD, 2020 WL 5797915, at *3 (N.D. Cal. Sep. 29, 2020) (granting motion to remand where plaintiffs made no mention in the body of their complaint of excluding interests and costs, "and do not mention seeking 'exemplary' damages as well as attorneys' fees separately."); *see also Feichtmann v. FCA US LLC*, No. 5:20-cv-01790-EJD, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020) ("In the absence of any contradictory allegations in the Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents the combined total of actual damages and civil penalties.").

"[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-403 (9th Cir. 1996). As it does

5

not appear "to a 'legal certainty' that the plaintiff cannot actually recover the amount sought here, the amount in controversy requirement is satisfied.

## IV. CONCLUSION

The Court therefore DENIES the Motion to Remand.

**IT IS SO ORDERED.**

Dated: 10/27/20

Virginia A. Phillips
United States District Judge